ELLIS, Judge.
This is a suit for separation from bed and board filed by Ronald Joseph Braud against his wife, Diane Marie Martinez Braud, on the ground of abandonment. The petition alleges that there had been a previous action for separation filed on May 17, 1977, that the parties had thereafter reconciled, and that the reconciliation had extinguished the previous action. It is further alleged that, subsequent to the reconciliation, the defendant refused to return to the matrimonial domicile, despite repeated requests by plaintiff.
Defendant answered, denying the above allegations, and reconvened for a separation on the ground of cruel treatment, without alleging any specific facts constituting cruel treatment.
After trial on the merits, judgment was rendered in favor of defendant on her re-conventional demand, granting her a separation from bed and board. Plaintiff has appealed.
On the trial of the case, the evidence showed that the parties had separated on May 16, 1977, when Mrs. Braud left the matrimonial domicile. She testified to conduct on the part of Mr. Braud, prior to that time, which was of such a nature as to constitute grounds for a separation for cruel treatment. Her testimony in this respect is unrebutted. She further testified that there had been no instances of cruel treatment subsequent to the reconciliation. Mrs. Braud also admitted that she had had sexual relations with Mr. Braud on three occasions between the date of their separation and the trial of the first case. She stated that she did so because he offered her money, and she needed money at the time, and that she told Mr. Braud that the money was the only reason she was going to bed with him.
Mr. Braud testified that they had had sexual relations after the separation on about six occasions, and gave the dates of three of the occasions as July 10th, July 17th, and October 23, 1977. He could not recall the dates of the other three times. He denied that he offered money as an inducement to get his wife in bed. He said that she brought up the subject of money either during or after each episode.
Apparently, after the trial of the second case, the judge was of the opinion that the above actions on the part of the parties hereto did not constitute a reconciliation. However, we gather from the record that, in the first case he found that there had been a reconciliation based on the same set of facts.
Of course, if the parties had reconciled, then defendant would be held to have condoned the conduct of plaintiff on which she now bases her suit for a separation, and would not be entitled to the judgment which was rendered in her favor.
In this court, plaintiff has filed a peremptory exception of res judicata. Article 2163 of the Code of Civil Procedure provides:
*1169 “The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
The record, as presently constituted, does not permit a decision on the exception. For some reason, neither party placed in evidence the record of the first case, so that we do not know if or when a judgment was signed therein, or if, as suggested by counsel, Mrs. Braud judicially admitted, in a pleading, that a reconciliation had taken place.
Rather than attempt a decision on the merits on the basis of this incomplete record, we think the interest of justice would best be served by remanding the case to the trial court for the introduction into evidence of the record in the first case, for a hearing on the exception of res judicata, and, if necessary, a determination on the merits, based on the complete record.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings, in accordance with this opinion, and according to law. Defendant shall pay the costs of this appeal. All other costs shall await final determination hereof on the merits.
REVERSED AND REMANDED.